```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LOCAL 363 UNITED ELECTRICAL
WORKERS OF AMERICA, INTERNATIONAL
UNION OF JOURNEYMEN AND ALLIED
TRADES; UNITED WELFARE FUND –
SECURITY DIVISION AND THE TRUSTEES
THEREOF; AND UNITED WELFARE FUND –
WELFARE DIVISION AND THE TRUSTEES
THEREOF,

                    Petitioners,                    MEMORANDUM AND ORDER
                                                    18-CV-01912
     - against -


AMPAK ELECTRICAL SERVICES, INC.,

                    Respondent.
------------------------------------------------------------x
```
GLASSER, Senior United States District Judge:

On March 29, 2018, Petitioners Local 363 United Electrical Workers of America, International Union of Journeymen and Allied Trades, United Welfare Fund – Security Division, United Welfare Fund – Welfare Division, and their Trustees, (collectively, "Petitioners") filed a petition pursuant to the Employee Retirement Income Security Act ("ERISA") and the Labor Management relations Act ("LMRA") to confirm an arbitration award dated April 3, 2017 (the "Award") against Respondent Ampak Electrical Services, Inc. ("Respondent" or "Ampak"). (ECF No. 1, "Petition"). Respondent has failed to appear or otherwise respond to the Petition, and on May 29, 2018, the Clerk of the Court entered a certificate of default. (ECF No. 11). Pending before the Court is Petitioners' motion for default judgment confirming the arbitration award. (ECF No. 12). For the reasons explained below, Petitioners' motion is **GRANTED**.

1

## BACKGROUND

Petitioners and Respondent are in an employment relationship established and maintained pursuant to a multi-employer collective bargaining agreement (the "CBA"), which requires Respondent to make certain employer contributions to the United Welfare Funds on behalf of covered employees. (Petition ¶ 6). The CBA also requires Respondent to adhere to certain audit guidelines and collection procedures promulgated by the Trustees of the funds. (*Id.* at ¶¶ 10-12).

Petitioners claim that Respondent violated the CBA by failing to produce certain books and records for a routine compliance audit. (*Id.* at ¶ 14). An arbitration hearing was held on March 21, 2017, to which Respondent failed to appear. (*Id.* at ¶¶ 16, 17). In accordance with Article 75 of the New York Civil Practice Law and Rules, the arbitrator opened the hearing, took evidence from Petitioners, and ultimately ordered Respondent to produce the withheld books and records and to pay $2,100, which represents all costs and fees incurred by Petitioners in bringing the arbitration (the "Award"). (*See* Exhibit A). Respondent failed to comply with the Award and on March 29, 2018, Petitioners brought this action seeking to confirm it.

## LEGAL STANDARD

In deciding whether a default judgment should be entered following entry of a certificate of default, a court may accept as true all well-pleaded allegations in the unanswered complaint but must still satisfy itself that the plaintiff has established a sound legal basis upon which liability may be imposed. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A] district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action."). A fact is not "well-pleaded" if it is inconsistent with other allegations in the complaint or is "contrary to uncontroverted material in the file of the case." *Chuchuca v. Creative Customs Cabinets Inc.*, No.

13-CV-2506 (RLM), 2014 WL 6674583, at *5 (E.D.N.Y. Nov. 25, 2014). In addition, a pleading's legal conclusions are not assumed to be true. *Id.* Consequently, the factual allegations in the complaint must themselves be sufficient to establish a right to relief. *Id.*

A motion for default judgment confirming an arbitration award is generally accompanied by a record, including an agreement to arbitrate and the arbitration award itself, which may resolve the merits of the action or at least command judicial deference. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Accordingly, the Second Circuit has held that default judgments in these circumstances are inappropriate and the petition and accompanying record should be treated instead as an unopposed motion for summary judgment. *Id.* Nevertheless, "courts in this district have held that default judgments are appropriate in [this context] as the distinction between moving for default judgment and moving for summary judgment is somewhat academic" where, as here, the defendant failed to contest the claims at the arbitration hearing as well. *Application of Trustees of Bldg. Trades Annuity Fund v. Prof'l Plumbing of Staten Island Corp.*, No. 09-CV-3812 (ADS) (AKT), 2010 WL 6230530, at *2 (E.D.N.Y. Nov. 17, 2010), *report and recommendation adopted sub nom.*, *In re Trustees of Bldg. Trades Annuity Fund, Educ. Fund, Welfare Fund v. Prof'l Plumbing of Staten Island Corp.,* No. 09-CV-3812 (ADS) (AKT), 2011 WL 1046856 (E.D.N.Y. Mar. 17, 2011); *Laundry, Dry Cleaning Workers & Allied Indus. Health Fund, Unite HereA v. Jung Sun Laundry Grp. Corp.*, No. 08-CV-2771 (DLI) (RLM), 2009 WL 704723, at *3 (E.D.N.Y. Mar. 16, 2009).

## DISCUSSION

Ordinarily, "the confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984). Courts "must grant" an arbitration award "unless the

award is vacated, modified, or corrected." 9 U.S.C. § 9. The arbitrator's rationale for an award need not be explained, and the award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case." *Gottdiener*, 462 F.3d at 110. Only "a barely colorable justification for the outcome reached" by the arbitrators is necessary to confirm the award. *Id.*

Having reviewed the undisputed and well-pleaded petition, the Opinion and Award of the Arbitrator, and the default judgment submissions, the Court finds that there is no genuine issue of material fact as to whether Respondent violated the CBA by failing to produce books and records for a routine compliance audit. Further, while allegations relating to damages are not deemed admitted upon entry of a default judgment, *Credit Lyonnais Sec., Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999), having also reviewed the Bill of Costs submitted by Petitioners, the Court grants Petitioners' request for damages in the amount of $2,615.10.

## CONCLUSION

Accordingly, Petitioners' motion for default judgment confirming the Award is **GRANTED** and Respondent is required to pay damages in the amount of $2,615.10, which represents the Award in addition to the filing and process server fees incurred by Petitioner in bringing this action.

SO ORDERED.

Dated:      Brooklyn, New York
              February 25, 2019

/s/
I. Leo Glasser        U.S.D.J.